We have considered plaintiff's remaining arguments and find them unavailing.

We do, however, decline to impose sanctions against plaintiff and her attorney for pursuing this appeal. Concur—Mazzarelli, J.P., Sweeny, Freedman and Gische, JJ. **[Prior Case History: 2012 NY Slip Op 30866(U).]**

■ MARISOL ECHEVARRIA, Individually and as Administratrix of the Estate of DAVID BARRIERA, Deceased, Respondent, v ROBIN SADKER, M.D., et al., Defendants, and BETH ISRAEL MEDICAL CENTER, Appellant. [967 NYS2d 12]—

Amended order, Supreme Court, Bronx County (Stanley B. Green, J.), entered June 7, 2012, which, after a hearing, denied defendant Beth Israel Medical Center's motion to change venue from Bronx County to New York County, unanimously affirmed, without costs.

In opposition to defendant's prima facie showing that plaintiff resided in Orange County, based, inter alia, on her verified answer in another action, plaintiff raised issues of fact warranting a hearing by submitting a detailed affidavit explaining that, after her husband died in November 2009, she went to live with her sister and brother-in-law in Orange County, and that since January 2010, when she returned to work in New York County, she had also resided on weekdays in an apartment they maintained in Bronx County, so that she would have a shorter commute to work. In addition, plaintiff submitted supporting affidavits from her roommate and her sister and brother-in-law, and some documentation. The record also contains plaintiff's verified petition for issuance of letters of administration, which lists the Bronx County address as her residence. Since a party may have two residences for venue purposes (*see* CPLR 503 [a]), and plaintiff's submissions raised factual issues dependent on credibility determinations as to her claimed residence in the Bronx, the motion court properly held a hearing on the issue (*see Collins v Glenwood Mgt. Corp.*, 25 AD3d 447 [1st Dept 2006]).

We find no basis for disturbing the court's finding, made after the hearing, that plaintiff was a bona fide Bronx County resident when she commenced this action (*see Blake v Massachusetts Mut. Life Ins. Co.*, 22 AD3d 230 [1st Dept 2005]). Concur—Mazzarelli, J.P., Sweeny, Freedman and Gische, JJ.

■ In the Matter of DOUGLAS LATTA, Petitioner, v MAXWELL J. WILEY et al., Respondents. [964 NYS2d 909]—The above-named

petitioner having presented applications to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, and for related relief, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the applications be and the same hereby are denied, and the petition dismissed, without costs or disbursements. Concur—Mazzarelli, J.P., Sweeny, Freedman and Gische, JJ.

■ In the Matter of ANNA CIANO, Petitioner, v MAXWELL J. WILEY et al., Respondents. [964 NYS2d 909]—The above-named petitioner having presented applications to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, and for related relief, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the applications be and the same hereby are denied, and the petition dismissed, without costs or disbursements. Concur—Mazzarelli, J.P., Sweeny, Freedman and Gische, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELSO ALVAREZ, Appellant. [965 NYS2d 466]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered June 22, 2010, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree (three counts) and robbery in the second degree, and sentencing him to an aggregate term of 22 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, and its rejection of defendant's theory that he was a victim of the robbery rather than a participant. The testimony of the cooperating accomplice was amply supported by the testimony of other witnesses, as well as other evidence, including, among other things, the telephone records of defendant and his accomplices from the night of the robbery.

Defendant's claim that his counsel rendered ineffective assistance by permitting defendant to choose whether to assert the felony murder affirmative defense (*see* Penal Law § 125.25 [3]) is unreviewable on direct appeal because it involves matters not reflected in, or not fully explained by, the trial record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). The record is unclear as to whether counsel waived this